NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAY 2 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LEE ALVIN VINCENT, | No. 17-16992 |
| Petitioner-Appellant, | D.C. No. 3:10-cv-00181-HDM-VPC |
| v. | |
| BRIAN E. WILLIAMS, | MEMORANDUM* |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the District of Nevada
Howard D. McKibben, Senior District Judge, Presiding

Argued and Submitted April 19, 2019
San Francisco, California

Before: BEA and N.R. SMITH, Circuit Judges, and MÁRQUEZ,** District Judge.

Petitioner Lee Vincent appeals from the denial of his petition for writ of

habeas corpus under 28 U.S.C. § 2254. We have jurisdiction under 28 U.S.C. §§

1291 and 2253. Because Petitioner filed his petition in 2010, it is governed by the

Antiterrorism and Effective Death Penalty Act of 1996. *Killian v. Poole*, 282 F.3d

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Rosemary Márquez, United States District Judge for the District of Arizona, sitting by designation.

1204, 1207 (9th Cir. 2002). We review the denial of the petition de novo, *see id.*, and we affirm.

1. We review de novo Petitioner's claim of actual juror bias because it was not adjudicated on the merits in state court. *Pirtle v. Morgan*, 313 F.3d 1160, 1167 (9th Cir. 2002); *see* 28 U.S.C. § 2254(d) (applying AEDPA's deferential standards to claims that were "adjudicated on the merits in State court"). Still, "factual determinations by the state court are presumed correct and can be rebutted only by clear and convincing evidence." *Pirtle*, 313 F.3d at 1168; *see* 28 U.S.C. § 2254(e)(1).

Petitioner has failed to establish actual juror bias. We owe deference to the post-conviction court's finding that the juror in question was not actually biased. *See Patton v. Yount*, 467 U.S. 1025, 1036 (1984) (stating that "the partiality of an individual juror . . . . is plainly [a question] of historical fact"); *Lambert v. Blodgett*, 393 F.3d 943, 976 (9th Cir. 2004) (stating that "the presumption of correctness in new § 2254(e)(1) is restricted to pure questions of historical fact"). Petitioner has not overcome the presumption of correctness because his argument rests entirely on the same evidence the state court found unpersuasive. *See Sophanthavong v. Palmateer*, 378 F.3d 859, 867 (9th Cir. 2004).

2. We do not consider implied bias, because Petitioner has not "specifically and distinctly raised and argued" that issue in his opening brief; therefore, he has

2

waived it.  *Officers for Justice v. Civil Serv. Comm'n of City & Cty. of S.F.*, 979

F.2d 721, 726 (9th Cir. 1992).

3.  Petitioner's claim of ineffective assistance of trial counsel fails because it

is predicated on his meritless claim of actual juror bias.  *Baumann v. United States*,

692 F.2d 565, 572 (9th Cir. 1982) ("The failure to raise a meritless legal argument

does not constitute ineffective assistance of counsel.").

We deny Petitioner's motion for leave to file a supplemental brief (Docket

Entry No. 42).

**AFFIRMED.**